Filed 11/25/20  P. v. Hill CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RODRICK ONEA HILL,<br><br>    Defendant and Appellant. | B305205<br><br>Los Angeles County<br>Super. Ct. No. KA047334 |

APPEAL from an order of the Superior Court of Los Angeles County, David C. Brougham, Judge.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On January 31, 1991, defendant and appellant Rodrick Onea Hill pleaded guilty to attempted murder in Case No. KA006366.  As part of the plea deal, the prosecution struck the allegation that Hill had committed the attempted murder willfully, deliberately, and with premeditation.  Hill admitted he had used a firearm in the commission of the crime and had inflicted great bodily injury on the victim.  The court sentenced Hill to 16 years in the state prison, consisting of the upper term of nine years, plus the midterm of four years for the firearm use, plus three years for the infliction of great bodily injury.

On the same date, the court sentenced Hill in Case No. A891681.  Hill had pleaded guilty to second degree robbery in that case in April 1989 and the case was pending sentencing. The court imposed the low term of two years, to be served concurrently with his attempted murder case as well as a third case, Case No. A892293.[1]

In 2000, the People charged Hill with a violation of Health and Safety Code section 11350, subdivision (a), possession of a controlled substance.  The People alleged Hill had two prior strikes—the attempted murder and the robbery—as well as one prison prior (the Health and Safety Code section 11352 case). In May 2000 a jury convicted Hill of the charge.  At the conclusion of a bench trial on Hill's priors, the court found the strike and prison priors true.  The court sentenced Hill to a

_____

[1]    That case apparently involved a violation of Health and Safety Code section 11352.  The record on appeal contains no further information about that case.

The minute orders of the January 31, 1991 proceedings reflect that both plea agreements were set forth in writing. Neither of those written plea agreements appears in the record on appeal.

third strike sentence of 25 years to life in the state prison, plus one year for the prior prison term enhancement. We affirmed Hill's conviction on March 28, 2001. (B142757.)

On January 21, 2020, Hill filed in the superior court a document entitled "Notice of Motion and Motion for Modification of Sentence Based on Newly Enacted Penal Code Section 1016.8, Subdivision (a)(4); and Memorandum of Points and Authority [*sic*]." The motion—which appears to be a fill-in-the-blanks form—asks the court to "vacate his alternative Three Strikes Sentence of 26 years to life" and "to be resentence[d] to his based [*sic*] term." Hill attached copies of the April 1989 and January 1991 minute orders in his attempted murder and robbery cases, and of the docket entries of the verdicts and sentencing, as well as the abstract of judgment in his 2000 third strike case.

On January 24, 2020, the superior court denied Hill's motion. The minute order states, "[The] court has received, read, and considered the defendant's notice of motion and motion for modification of sentence based [on] newly enacted Penal Code section 1016.8(a)(4). [¶] Penal Code section 1016.8 applies only to plea bargains and not convictions by jury. [¶] Here the defendant was convicted by jury and the judgment is [ ] final. [The] motion to dismiss is denied."

Hill filed a notice of appeal[2] and we appointed counsel to represent him. After examining the record, counsel filed an opening brief under *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*) stating, "I have reviewed the entire record on appeal. I have not found any arguable issues to raise on appeal." Counsel

---

[2]     Hill's notice of appeal states he is appealing from a "judgment" "entered on January 1, 2020." We construe the notice to appeal from the court's order issued on January 24, 2020.

asked us "to follow the procedures set forth in [*Serrano*]." Counsel declared he had provided Hill with the transcripts of the record on appeal, as well as a copy of his *Serrano* brief, and advised Hill of his right to file a supplemental brief. We have received no supplemental brief from Hill.

Assembly Bill No. 1618 added section 1016.8 to the Penal Code. (Stats. 2019, ch. 586, § 1.) The statute provides, "A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy." (Pen. Code, § 1016.8, subd. (b).) One appellate court has concluded section 1016.8 applies retroactively to cases not yet final on appeal. (*People v. Barton* (2020) 52 Cal.App.5th 1145, 1153.)

New section 1016.8 does not assist Hill for several reasons. First, as the superior court noted, Hill's third strike sentence resulted from a jury verdict, not a plea bargain—much less a plea bargain in which he waived the benefits of future legislation or initiatives. Second, Hill's sentence was final nearly two decades ago.

Third, Hill's fill-in-the-blanks motion seems to suggest he believes section 1016.8 somehow applies to him because his strike priors resulted from plea agreements. Nothing in the statute supports that contention. And, in any event, while simple possession of a controlled substance now is a misdemeanor, attempted murder and robbery remain not only felonies but violent felonies and strikes under the three strikes law. (Pen. Code, §§ 667.5, subds. (c)(9), (c)(12).)

Where, as here, court-appointed counsel has found no arguable issues and the defendant has not filed a supplemental brief, we may dismiss the appeal without conducting an

4

independent review of the record.  (*Serrano, supra*, 211 Cal.App.4th at pp. 501, 503; *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278.)

## DISPOSITION

We dismiss Rodrick Onea Hill's appeal from the trial court's order denying his "Motion for Modification of Sentence."

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

EDMON, P. J.

DHANIDINA, J.